UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sara Soifer, individually and on behalf of all others similarly situated;<br><br>                              Plaintiff,<br><br>-v.-<br><br>Kirschenbaum & Phillips, P.C. and John Does 1-25,<br><br>                              Defendant. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sara Soifer (hereinafter, "Plaintiff" or "Soifer"), a New York resident, brings this Class Action Complaint by and through her attorneys, RC Law Group, PLLC, against Defendant Kirschenbaum & Phillips, P.C. (hereinafter "Defendant" or "Kirschenbaum & Phillips"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices'." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland, residing at 47 Reagan Road, Spring Valley, NY 10977.

8. Kirschenbaum & Phillips, P.C. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 40 Daniel Street, Suite 7, Farmingdale, NY 11735.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsiinile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Kirschenbaum & Phillips, P.C. sent a collection letter attempting to collect a consumer debt;

    c. sent in an envelope that contained a glassine window;

    d. which allowed personal identifying information to be visable from the outside;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.   The identities of all class members are readily ascertainable from the records of Defendants and those companies and entites on whose behalf they attempt to collect andor have purchased debts.

15.   Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners,managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immiediate famimiles.

16.   There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached **as Exhibits A**, violate 15 U.S.C. §1692f.

17.   The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, cmnplex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **<u>Numerosity:</u>** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominai:e over any questions or issues involving only individual class members. The principal issue is \vhether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the intersts of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification mtion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22. Some time prior to September 8, 2016, an obligation was allegedly incurred to Discover Bank.

23. The Discover Bank obligation arose out of a transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24. The alleged Discover Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Discover Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Discover Bank or a subsequent owner of the Discover Bank debt contracted the Defendant to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – September 8, 2016 Collection Letter*

28.     On or about September 8, 2016, Defendant caused to be delivered to the Plaintiff an initial contact notice (the "Collection Letter") regarding the alleged debt owed to Discover Bank. **See Exhibit A**.

29.     The September 8, 2016 Collection Letter is a "communication" as defined by 15. U.S.C. §1692a(2).

30.     The September 8, 2016 Collection Letter was sent in an envelope that contained a glassine window in the bottom left corner of the envelope.

31.     Visible through the glassine window, next to the Plaintiff's name, was personal and confidential information, including the name and identity of the creditor to whom the debt is owed.

32.     The personal and confidential information visable from the outside of the envelope stated: "Re: Creditor: DISCOVER BANK".

33.     The name of the creditor to whom the debt is owed constitutes personal identifying information.

34.     The name of a creditor to whom a debt is owed is not meaningless - it is a piece of information capable of identifying the consumer.

35.     Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

36. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law

37. This letter from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692f.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Pursuant to 15 U.S.C. §1692f(8), a debt collector is prohibited from using any language or symbol, other than the debt collector's address, on any envelope when communicating with the consumer by use of mails.

41. The Defendant violated said section by allowing the name and identity of the creditor to whom the debt is owed to be visible from the outside of the envelope, through the glassine window in which the September 8, 2016 Collection Letter was mailed.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sara Soifer, individually and on behalf of all others similarly situated, demands judgment from Defendant Kirschenbaum & Phillips, P.C. and John Does 1-25, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Daniel Kohn, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Hackensack, New Jersey
September 6, 2017

/s/ *Daniel Kohn*
By: Daniel Kohn

**RC Law Group, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
*Attorneys For Plaintiff*